IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRIMEONE INSURANCE COMPANY,  )<br>  )<br>   Plaintiff,  )<br>v.   )<br>  )<br>GUANG HUI LIANG, G. LIANG, INC.  )<br>d/b/a CHAN'S CHINESE RESTAURANT  )<br>and MEI SHAW, as Next Friend of  )<br>MCCARTY JI LIANG, a Minor,  )<br>  )<br>   Defendants.  ) | Case No.<br>Hon. |

_____

**PRIMEONE INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff PrimeOne Insurance Company ("POIC"), through its counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for its Complaint for Declaratory Judgment against Defendants Guang Hui Liang ("Liang"), G. Liang, Inc. d/b/a Chan's Chinese Restaurant ("Chan's Chinese Restaurant") and Mei Shaw, as Next Friend of McCarty Ji Liang ("McCarty"), states as follows:

**INTRODUCTION AND NATURE OF ACTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and

scope of insurance coverage, if any, for Liang and Chan's Chinese Restaurant under an insurance policy POIC issued to Named Insured G. Liang, Inc. d/b/a Chan's Chinese Restaurant ("Policy"). POIC also seeks to resolve questions of actual controversy concerning POIC's ongoing defense of Liang and Chan's Chinese Restaurant in the Underlying Action.

2. This action stems from an underlying lawsuit relating to injuries allegedly suffered by Liang's minor son, Defendant McCarty, while he was at the premises of Chan's Chinese Restaurant (hereinafter the "Underlying Action").

3. POIC requests: (a) that this Court declare the rights and duties of the parties with respect to the Underlying Action as set forth more fully below; (b) that this Court declare that Defendants Liang and Chan's Chinese Restaurant are precluded from asserting any claim for bad faith, extra-contractual remedies, or similar relief against POIC with respect to the Underlying Action; and (c) that this Court declare that there is no insurance coverage (defense or indemnity) available to Chan's Chinese Restaurant or Mr. Liang under the Policy and applicable law with respect to the Underlying Action.

## THE PARTIES

4. Plaintiff POIC is an insurance company incorporated in the State of Utah, with its principal place of business in the State of California. POIC conducts business in the State of Michigan.

5. Defendant Liang is a resident of Sterling Heights, Michigan.

6. Defendant Chan's Chinese Restaurant is incorporated in the State of Michigan with its principal place of business in Detroit, Michigan. Chan's Chinese Restaurant conducts and transacts business in the State of Michigan.

7. Defendant McCarty is a resident of Sterling Heights, Michigan.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs.

9. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Liang resides in Sterling Heights, Michigan, Defendant Chan's Chinese Restaurant's place of incorporation is Michigan and principal place of business is Detroit, Michigan, and Defendant McCarty resides in Sterling Heights, Michigan.

## THE CLAIM

10. On or about June 14, 2014, Defendant McCarty suffered an injury to his right hand at the premises of Chan's Chinese Restaurant.

11. On or about July 15, 2014, before the Underlying Action was initiated, Defendant Liang and his wife, Guo Yang Cao, both provided a written statement to Attorney Sherrie C. Ross ("Attorney Ross"), Plaintiff's attorney in the Underlying Action. In Liang's written statement, he admitted responsibility for his son's injuries. Liang provided this written statement without notifying POIC of his intention to do so.

12. On or about July 21, 2014, POIC received notice of Defendant McCarty's injury. The loss notice form states that "insured's child hand or arm stuck in machine[.]"

13. Attorney Ross sent a letter to POIC dated July 24, 2014. The letter provided that Attorney Ross represented Defendant McCarty "for injuries he [McCarty] sustained inside of Chan's Chinese Restaurant on June 14, 2014 that resulted in the total loss of his right hand."

14. Thereafter, during POIC's ongoing investigation of the alleged injuries to McCarty, but prior to the filing of the Underlying Action, Attorney Ross sent several demand letters to POIC seeking insurance coverage under the Policy for McCarty's injuries.

4

## THE UNDERLYING ACTION

15. On or about June 22, 2017, the Underlying Action was filed by Mei Shaw, as Next Friend of Defendant McCarty Ji Liang, regarding injuries McCarty allegedly sustained by a meat grinder located at Chan's Chinese Restaurant's premises. The Underlying Action is captioned: *Mei Shaw, as Next Friend of McCarty Ji Liang, a minor v. Guang Hui Liang and G. Liang, Inc., d/b/a Chan's Chinese Restaurant, Inc.*, Civil Action No. 17-008903-NO, Wayne County Circuit Court, State of Michigan (Complaint in Underlying Action, **Exhibit A**).

16. Attorney Ross represents Mei Shaw, as Next Friend of McCarty Ji Liang, in the Underlying Action.

17. The Underlying Action alleges that on or about June 14, 2014, McCarty Ji Liang, Defendant Liang's minor son, suffered bodily injury to his right hand on the premises of Chan's Chinese Restaurant.

18. The Underlying Action alleges counts for common law negligence, negligent infliction of emotional distress, and premises liability against Chan's Chinese Restaurant and Liang.

19. POIC is currently providing Chan's Chinese Restaurant and Liang with a defense in the Underlying Action, subject to a full and complete reservation of rights under the Policy and at law. (July 25, 2017 Reservation of Rights Letter, **Exhibit B**).

20. POIC assigned defense counsel to represent and defend Chan's Chinese Restaurant and Liang in the Underlying Action.

21. After reviewing the allegations in the Underlying Action, assigned defense counsel filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (8) on behalf of Liang and Chan's Chinese Restaurant as the first responsive pleading. The motion for summary disposition argued that Defendants Liang and Chan's Chinese Restaurant were immune from liability under the affirmative defense of parental immunity.

22. On October 18, 2017, the trial court denied Defendants Liang's and Chan's Chinese Restaurant's motion for summary disposition, concluding that the affirmative defense of parental immunity was not applicable.

23. On November 10, 2017, assigned defense counsel filed Defendants Liang's and Chan's Chinese Restaurant's application for leave to appeal the trial court's October 18, 2017 order denying summary disposition in the Michigan Court of Appeals. Defendants' application for leave to appeal remains pending in the Michigan Court of Appeals.

24. Thereafter, by letter dated November 16, 2017, Liang asserted a grievance against assigned defense counsel regarding his and Chan's Chinese Restaurant's defense in the Underlying Action. In that letter, Liang again admitted responsibility for McCarty's injuries and voiced frustration that his

assigned defense attorney was pursuing an affirmative defense in the Underlying Action.

25. The November 16, 2017 grievance letter also indicated that Liang believed that assigned defense counsel was only acting in the interests of POIC in the defense of the Underlying Action, and that POIC acted in bad faith in the defense of the Underlying Action.

26. Liang sent a letter to assigned defense counsel dated December 7, 2017. In that letter, Liang asserted that the defense strategy employed by assigned defense counsel in the Underlying Action failed to adequately represent Liang or Chan's Chinese Restaurant.

27. The December 7, 2017 letter also stated that Liang believed assigned defense counsel and POIC acted in bad faith in the defense of the Underlying Action.

28. Liang sent another letter to assigned defense counsel dated December 14, 2017. In that letter, Liang requested that assigned defense counsel be removed as defense counsel in the Underlying Action and that new defense counsel be assigned by POIC to defend him and Chan's Chinese Restaurant in the Underlying Action.

29. Liang's December 14, 2017 letter also stated that Liang believed assigned defense counsel and POIC acted in bad faith and/or fraudulently in the defense of the Underlying Action.

30. POIC responded to Liang's November 16, 2017, grievance letter by letter dated December 21, 2017 (prior to reviewing either of Liang's letters dated December 7th or 14th). In the December 21, 2017 letter, POIC offered, given the circumstances, to provide Liang and Chan's Chinese Restaurant with alternative defense counsel and the services of an interpreter. POIC also reminded Liang that he was obligated under the terms of the Policy to cooperate with POIC in the defense of the Underlying Action.

31. Thereafter, based on Liang's request in the December 7, 2017 and December 14, 2017 letters, by letter dated December 27, 2017, POIC informed Liang that new defense counsel had been assigned to him and Chan's Chinese Restaurant. POIC also assigned a translator to Liang and Chan's Chinese Restaurant with respect to the Underlying Action. The December 27, 2017 letter also instructed Liang not to communicate with Attorney Ross if she directly contacted him, and again reminded Liang of his duty to cooperate with POIC in the defense of the Underlying Action.

32. Chan's Chinese Restaurant and Liang are obligated under the terms of the Policy to cooperate in the defense of the Underlying Action.

# THE POLICY

33. POIC issued the Policy, number POCP 002175, to G. Liang, Inc. d/b/a Chan's Chinese Restaurant for the policy period 04/02/2014 to 04/02/2015. (pertinent excerpts of the Policy, **Exhibit C**).

34. The Policy provides in pertinent part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:
      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      **(2)** The "bodily injury" or "property damage" occurs during the policy period;

   \* \* \*

2. **Exclusions**

9

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

\* \* \*

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

**2.** Each of the following is also an insured:
   **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**[1]

\* \* \*

   **b.** If a claim is made or "suit" is brought against any insured, you must:
      **(1)** Immediately record the specifics of the clam or "suit" and the date received; and
      **(2)** Notify us as soon as practicable.

Notice given by or on behalf of the insured to our authorized agent, with particulars sufficient to identify the insured, shall be considered notice to us.

   **c.** You and any other insured must:
      **(1)** Immediately send us copies of any demands, notices, summones or legal papers received in connection with the claim or "suit";

---

[1] Section IV – Commercial General Liability Conditions, Paragraph 2 Duties in the event of occurrence, offense, claim or suit was amended by the Policy's Michigan Changes Endorsement, CG 01 68 12 04.

11

      **(2)** Authorized us to obtain records and other information;

      **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** Failure to give any notice required by this Condition within the time period specified shall not invalidate any claim made by you if it shall be shown not to have been reasonably possible to give notice within the prescribed time period and that notice was given as soon as was reasonably possible.

  **e.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligations, or incur any expense, other than for first aid, without our consent.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

12

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
**ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
**1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
**2.** The negligent:
   **a.** Employment;
   **b.** Investigation;
   **c.** Supervision;
   **d.** Reporting to the proper authorities, or failure to so report; or
   **e.** Retention;
of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
**EXCLUSION – ASSAULT AND/OR BATTERY**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

This insurance does not apply to "bodily injury" or "property damage", "personal and advertising injury" or medical expense arising out of:

13

 (a) The actual or threatened assault or battery or the failure to suppress or prevent such action by the "insured" or by anyone else for whom the "insured" is legally responsible, or
 (b) The negligent:
  i. employment;
  ii. investigation;
  iii. supervision;
  iv. training;
  v. retention;
 of a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by (a) above.

## COUNT I
## DECLARATORY JUDGMENT – THE DEFENSE OF LIANG AND CHAN'S CHINESE RESTAURANT IN THE UNDERLYING ACTION

35. POIC incorporates by reference all the allegations in paragraphs 1 to 34 of this Complaint for Declaratory Judgment as if restated herein.

36. Throughout the Underlying Action, POIC has provided, and will continue to provide (until this Court has made a determination regarding the availability of insurance coverage under the Policy for the Underlying Action), a defense for Defendants Liang and Chan's Chinese Restaurant under a full and complete reservation of rights under the Policy and applicable law.

37. POIC's insured, Defendant Liang, has stated his belief that POIC has acted in bad faith and/or fraudulently in the defense of the Underlying Action.

38.     POIC has complied with the terms of the Policy with respect to the Underlying Action.

39.     POIC has acted appropriately under applicable law and not in bad faith or fraudulently with respect to the Underlying Action.

WHEREFORE, POIC seeks a declaration from this Court that Liang and Chan's Chinese Restaurant are precluded from asserting any claim against POIC for bad faith, extra-contractual remedies, or similar relief relating to the Underlying Action.

## COUNT II
### DECLARATORY JUDGMENT – NO INSURANCE COVERAGE UNDER THE POLICY FOR THE UNDERLYING ACTION

40.     POIC incorporates by reference all the allegations in paragraphs 1 to 39 of this Complaint for Declaratory Judgment as if restated herein.

41.     There is a bona fide dispute and an actual controversy between POIC and Defendants Liang and Chan's Chinese Restaurant regarding whether insurance coverage (defense and indemnity) exists under the Policy with respect to the Underlying Action.

42.     POIC seeks a declaration from this Court that it has no insurance coverage obligation to Chan's Chinese Restaurant or Liang with respect to the claims against them in the Underlying Action under the Policy and applicable law.

43. The Policy requires Chan's Chinese Restaurant and Liang to cooperate in the defense of the Underlying Action. To the extent that Chan's Chinese Restaurant and/or Liang have breached the Policy's conditions by failing to cooperate in the defense of the Underlying Action to the detriment of POIC, there is no insurance coverage under the Policy.

44. The Policy provides that the insured will not except at that insured's own cost, voluntarily make a payment, assume any obligations, or incur any expense, other than for first aid, without POIC's consent. To the extent that Chan's Chinese Restaurant and/or Liang have breached the Policy's conditions by voluntarily making a payment, assuming an obligation or incurring any expense with respect to the claims in the Underlying Action, there is no insurance coverage under the Policy.

45. The Policy provides insurance coverage for "those sums that the insured becomes legally obligated to pay as damages[.]" To the extent that Chan's Chinese Restaurant or Liang do not become legally obligated to pay damages with respect to the Underlying Action, there is no insurance coverage under the Policy.

46. The Policy provides insurance coverage for "bodily injury" caused by an "occurrence." The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general

harmful conditions." To the extent that the Underlying Action does not seek damages because of "bodily injury" caused by an "occurrence," there is no insurance coverage under the Policy.

47. The Policy excludes insurance coverage for "bodily injury" that is "expected or intended from the standpoint of the insured." To the extent that the Underlying Action seeks damages for such described "bodily injury," there is no insurance coverage under the Policy.

48. The Policy excludes insurance coverage for "bodily injury" to the spouse, child, parent, brother or sister of an "employee" of the insured as a consequence of, arising out of, and in the course of employment by the insured or performing duties related to the conduct of the insured's business. To the extent that the Underlying Action seeks damages because of "bodily injury" to the child of an employee of Chan's Chinese Restaurant that arose out of and in the course of employment or while performing duties related to the conduct of Chan's Chinese Restaurant's business, there is no insurance coverage under the Policy.

49. The Policy excludes insurance coverage for "bodily injury" arising out of the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or arising out of the negligent employment, investigation, supervision, reporting to the proper

authorities or failure to so report, or retention of a person for whom any insured is or ever was legally responsible and whose conduct constitutes the actual or threatened abuse or molestation described above. To the extent that the Underlying Action seeks damages because of "bodily injury" arising out of such conduct, there is no insurance coverage under the Policy.

50. The Policy excludes insurance coverage for "bodily injury" arising out of the actual or threatened assault or battery or the failure to suppress or prevent such action by the insured or by anyone else for whom the insured is legally responsible; or arising out of the negligent employment, investigation, supervision, training, or retention of a person for whom any insured is or ever was legally responsible and whose conduct constitutes the actual or threatened assault or battery described above. To the extent that the Underlying Action seeks damages because of "bodily injury" arising out of such conduct, there is no insurance coverage under the Policy.

51. The Policy provides that "executive officers," directors, or stockholders are insureds, but only with respect to their liability as executive officers, directors, or stockholders. The Policy also provides that "employees" are insureds, but only for acts within the scope of their employment by Chan's Chinese Restaurant or while performing duties related to the conduct of Chan's Chinese Restaurant's business. To the extent that Liang does not

qualify as an insured, insurance coverage under the Policy is precluded for him.

52. Insurance coverage is limited or excluded under the Policy to the extent that any other policy terms, definitions, exclusions, conditions and endorsements not specifically identified herein apply to limit coverage, in whole or in part, for the Underlying Action.

WHEREFORE, POIC seeks a declaration from this Court that there is no insurance coverage (defense or indemnity) available to Liang or Chan's Chinese Restaurant under the Policy for the Underlying Action.

## **REQUEST FOR RELIEF**

WHEREFORE, POIC respectfully requests the following relief:

a. A declaration that Liang and Chan's Chinese Restaurant are precluded from asserting any claim for bad faith, extra-contractual remedies, or similar relief;

b. A declaration that there is no insurance coverage (defense or indemnity) available to Chan's Chinese Restaurant or Liang under the Policy for the Underlying Action; and

c. Such other relief as this Court may deem just and appropriate.

        Respectfully submitted,

        *s/Elaine M. Pohl*
        Elaine M. Pohl (P60359)
        Plunkett Cooney, P.C.
        38505 Woodward Avenue, Suite 100
        Bloomfield Hills, MI 48304
        (248) 901-4000
        (248) 901-4040 (Fax)
        epohl@plunkettcooney.com
        ***Attorney for Plaintiff***

Dated: February 6, 2018

Open.23248.50740.19801987-1